IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ENRICO LEVY, Inmate #A-93734, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>STATE OF ILLINOIS DEPARTMENT OF )<br>CORRECTIONS, et al., )<br>)<br>Defendants. ) | CIVIL NO. 08-cv-306-DRH |

**MEMORANDUM AND ORDER**

**HERNDON, Chief Judge:**

Plaintiff, a prisoner in the Menard Correctional Center, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. 1). He also seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (Docs. 2 and 8). Also before the Court is Plaintiff's motion for appointment of counsel (Doc. 3), to consider finding of fact (Doc. 4), and for settlement conference (Doc. 5).

A prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility,

brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). In the Seventh Circuit, a strike may be counted if any portion of an action is dismissed for these enumerated grounds. *See George v. Smith,* 507 F.3d 605, 607-08 (7th Cir. 2007); *Boriboune v. Berge,* 391 F.3d 852, 855 (7th Cir. 2004).

Plaintiff has had three or more prior prisoner actions dismissed, or partially dismissed, on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See, e.g., Levy v. State of Illinois Dept. Of Corrections*, No. 06-cv-7799 (N.D. Ill.); *Levy v. State of Illinois*, No. 96-cv-4705 (N.D. Ill.); *Levy v. Illinois Dept. Of Corrections*, No. 92-3336 (N.D. Ill.). Further, the allegations in the instant complaint do not show that Plaintiff is under imminent danger of serious physical injury. Therefore, Plaintiff's motions to proceed *in forma pauperis* (Docs 2 and 8) will be **DENIED**.

With regard to Plaintiff's motion to appoint counsel (Doc. 3), there is no absolute right to appointment of counsel in a civil case. *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *Peterson v. Nadler*, 452 F.2d 754 (8th Cir. 1971). When presented with a request to appoint counsel, the Court must make the following inquiries: "(1) has the ... plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." *Pruitt v. Mote*, 503 F.3d647, 854-55 (7th Cir. 2007). With regard to the first step of the inquiry, Plaintiff states that he has attempted, but been unsuccessful, in obtaining counsel to represent him in this matter.

With regard to the second step of the inquiry,"the difficulty of the case is considered against

the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand." *Id*. Plaintiff's claims are not that factually complex. Plaintiff alleges that he has been deprived of adequate hygiene items and medical care for "back and neck injuries." From a legal standpoint, the litigation of any constitutional claim falls in the range of complex. Nevertheless, based on Plaintiff's pleadings in this case this Court concludes that - at this time - Plaintiff appears to be competent to litigate his case. Therefore, Plaintiff's motion for the appointment of counsel will be **DENIED**, without prejudice. Once discovery in the matter begins, if Plaintiff is having difficulty, he should refile the motion and indicate to the Court the nature of his disadvantages.

Because this case is still undergoing review pursuant to 28 U.S.C. § 1915A, Plaintiff's motion to consider finding of fact (Doc. 4) and his motion for settlement conference (Doc. 5) will be **DENIED**.

**IT IS THEREFORE ORDERED** that the motions for leave to proceed *in forma pauperis* (Docs. 2 and 8) are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay the full filing fee of $350 for this action within **FIFTEEN (15) DAYS** of the entry of this Order.

**IT IS FURTHER ORDERED** that if Plaintiff does not comply with this Order in the time allotted, this case will be closed for failure to comply with an order of this Court. FED.R.CIV.P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (Doc. 3) is **DENIED**, without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's motion to consider finding of fact (Doc. 4) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for settlement conference (Doc. 5) is **DENIED.**

**IT IS SO ORDERED.**

DATED:   February 4, 2009.

/s/   *DavidRHerndon*
**DISTRICT JUDGE**